IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SERGIO JESUS CERVANTES,<br><br>  Defendant. | **No. 3:15-cr-00017-RGE**<br><br>**ORDER** |

### I. INTRODUCTION AND BACKGROUND

Now before the Court is the Government's Appeal of Magistrate's Release. ECF No. 235. The Order being appealed was entered by United States Magistrate Judge Sheila K. Oberto in the Eastern District of California on November 23, 2016. 1:16-mj-153-EPG, E.D. Ca., ECF No. 10. The Order allowed for the release of Defendant Sergio Dejesus[1] Cervantes pending trial with a $10,000 cash bond and specified conditions. This Court stayed the Order pending the resolution of the Government's appeal. ECF No. 236.

The Court has reviewed pertinent materials from the Eastern District of California, including the transcripts and audio recordings of the proceedings on November 22 and 23, 2016, the Pretrial Services Reports, and Defendant's Motion for Bail Review, as well as the relevant filings in this Court. For the reasons set forth below and after considering the positions of the parties and the applicable law, the Court hereby SUSTAINS the appeal of the Order of Release. Defendant Cervantes shall be detained pending trial.

### II. ANALYSIS

 A. **Standard of Review**

When a defendant is released by an out-of-district judge, the Government may seek revocation of the order of pretrial release from the district court having original jurisdiction over the charged

---

[1] The Court notes Defendant Cervantes is charged in Iowa under the name "Sergio Jesus Cervantes." The docket reflects Defendant Cervantes waived an identity hearing in the Eastern District of California, where he was referred to as "Sergio DeJesus Cervantes."

offenses. 18 U.S.C. § 3145(a)(1). The court of original jurisdiction may, and this Court does, incorporate the record of proceedings conducted by the magistrate judge. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). The Court conducts a de novo review of the magistrate judge's order. *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc).

### B. Statutory Framework

A criminal defendant may be detained pending trial if the Government "shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quotation omitted); 18 U.S.C. § 3142(c), (e)–(f). A rebuttable presumption that no condition or combination of conditions of release will reasonably assure the safety of the community and the appearance of the defendant applies in cases where the Court finds probable cause that a defendant committed an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A).

In determining whether there are available conditions that will reasonably assure the appearance of a defendant at court proceedings and the safety of the community, the Court considers: 1) the nature and circumstances of the crime; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant (including mental conditions and past conduct); and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g). When a rebuttable presumption applies, "a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436).

**C.     Discussion**

As an initial matter, the Court concludes a rebuttable presumption of detention applies. 18 U.S.C. § 3142(e)(3)(A). Cervantes is charged in the Second Superseding Indictment with conspiracy to manufacture, distribute, and possess with the intent to distribute 5 kilograms and more of cocaine and 100 kilograms and more of marijuana in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), an offense under the Controlled Substances Act carrying a maximum potential term of incarceration of ten years or more.

The information proffered by Cervantes meets his burden of production. However, although he has met his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Abad*, 350 F.3d at 797 (quoting *Mercedes*, 254 F.3d at 436). Considering the factors set forth in section 3142(g), the Court finds a preponderance of the evidence supports the conclusion that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and a preponderance of the evidence supports the conclusion that no condition or combination of conditions will reasonably assure the safety of the community.

Cervantes is charged with very serious offenses. In addition to the drug conspiracy charge, Cervantes is charged with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) & (ii) and 2. If convicted of only the drug conspiracy charge, Cervantes faces a mandatory minimum term of incarceration of ten years and up to life in prison. The money laundering conspiracy has a maximum potential penalty of not more than twenty years of incarceration. These sentences could be imposed to be served consecutively. Additionally, the amount of controlled substances alleged to be involved in the drug conspiracy is great. The alleged drug conspiracy spanned multiple states and is alleged to be linked to a Mexican drug cartel.

The weight of the Government's evidence appears to be quite strong. The evidence against Cervantes includes recorded telephone calls, surveillance corroborating those calls, and statements from a confidential informant.

Cervantes's history and characteristics are of some concern. Cervantes, a 24-year-old United States citizen, has a limited criminal history. Cervantes has no identified ties to Iowa, although he did have extensive support present in the Eastern District of California. He does have ties to Mexico, having travelled there repeatedly, as documented in the Pretrial Services report and discussed at the detention hearings. Cervantes originally explained to the Pretrial Services officer that he went to Mexico frequently to "party." The later proffered rationale—travel was related to dental appointments—is inconsistent with Cervantes's own statements and does not lessen the Court's concern about frequent international travel and ties to Mexico.[2] Additionally, the Government has proffered evidence undermining the use of the family member identified as the third-party custodian in this case, Defendant Cervantes's younger sister. The evidence proffered by the Government as to Cervantes's younger sister appears relevant to the money laundering conspiracy charge and renders her an inappropriate third-party custodian. The other sister, while present at the hearing, did not reside with Defendant Cervantes and did not state a willingness to reside with Defendant Cervantes.

Finally, the nature of the offenses, a wide-ranging drug conspiracy and a complementary money laundering scheme, indicates the danger presented to the community is great.

Having reviewed the factors set forth in section 3142(g), and appropriately considering the presumption favoring detention applicable in this case, the Court concludes the Government has established by clear and convincing evidence that no condition or combination of conditions of release upon Cervantes can reasonably assure the safety of the community and by a preponderance of the evidence that any such conditions could reasonably assure Defendant Cervantes's appearance as required. As such, Cervantes is properly detained.

---

[2] The records purportedly substantiating the dental-related travel were not entered into the record in the Eastern District of California or provided to this Court. They were not appended to the resistance filed on December 20, 2016.

### III. CONCLUSION

For the reasons set forth above, the Government's appeal of the magistrate judge's order of detention, ECF No. 235, is SUSTAINED.

The Order of Release is hereby REVOKED.

It is further ordered that the United States Marshals Service shall expeditiously transport Defendant Cervantes to the Southern District of Iowa for further proceedings.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2016.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE



**ECF CERTIFICATION**

**I DO HEREBY ATTEST AND CERTIFY THIS IS A TRUE AND FULL COPY OF A DOCUMENT WHICH IS PART OF THE ELECTRONIC CASE FILE MAINTAINED BY THE U.S. DISTRICT COURT.**

DATE: Dec 21, 2016

JOHN S. COURTER, Clerk
BY: _____
DEPUTY CLERK